**Illinois Central Railroad Company, Defendant in Error, v. Chicago & Great Western Railway Company and N. Deutsch & Company, Plaintiffs in Error.**

**Gen. No. 17,851.**

Replevin—*finding justified by evidence.* In replevin by a railway company for certain brasses specially marked, *held*, that the evidence justified a finding for plaintiff.

Error to the Municipal Court of Chicago; the Hon. Charles N. Goodnow, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed February 13, 1913.

432    APPELLATE COURTS OF ILLINOIS.

Ill. Cent. R. Co. v. Chicago & G. W. Ry. Co., 177 Ill. App. 431.

JESSE LOWENHAUPT, for plaintiff in error N. Deutsch & Company.

JOHN G. DRENNAN, for defendant in error; VERNON W. FOSTER, WALTER S. HORTON and BLEWETT LEE, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff in error N. Deutsch & Co. sued out a writ of error from the Supreme Court to review the judgment of the Municipal Court in the above entitled cause, and urged that the constitutionality of a statute was involved. The Supreme Court held against this contention and ordered the case transferred to the Appellate Court. See Illinois Cent. R. Co. v. Chicago & G. W. R. Co., 246 Ill. 620.

The same facts before the Supreme Court are now before this court, and in the opinion of the Supreme Court these facts are stated succinctly as follows:

"The Illinois Central Railroad Company brought an action of replevin in the Municipal Court of Chicago against the Chicago and Great Western Railway Company and N. Deutsch & Co. to recover the possession of one hundred brasses marked 'Illinois Central,' 'I. C. R. R.' or 'I. C.' which were located in the freight yards of the Chicago and Great Western Railway Company in Chicago, in car C. G. W. 8690. The value of the goods claimed was $100. Upon a trial by the court without a jury there was a finding that the plaintiff below was entitled to the possession of all the brasses described except one which was not marked, and that brass was returned to Deutsch & Co. in open court. Judgment was entered upon this finding, awarding the possession of the property described in the writ to the plaintiff below and assessing one cent damages against the defendants and the costs of suit. The defendants below have sued out a writ of error from this court to the municipal court to obtain a review of the judgment below.

''To establish its right to the possession of the property described in the writ, defendant in error proved that for more than eight years last past it had purchased all of its brass journals from the Hewitt Manufacturing Company, and that during the same time it had sold all of its brasses which were not fit for refilling or further service to the Hewitt company; that during said period the Hewitt Manufacturing Company caused to be stamped on the brasses manufactured for defendant in error the name or initials of the Illinois Central Railroad Company, and that such initials were not stamped on any brasses other than those manufactured for and delivered to the Illinois Central Railroad Company. It was also proven that none of the brasses so manufactured by the Hewitt company for the Illinois Central Railroad Company had ever been sold to any other person or had passed out of the possession of the Hewitt company to any one other than defendant in error; that the brasses in question were also stamped with the name of the Hewitt Manufacturing Company, and were identified in court as being the brasses manufactured by that company for and delivered to the defendant in error. It was shown further that all worn out or unfit brasses on the various lines of the Illinois Central Railroad Company were shipped to Burnside and there loaded on cars and shipped to the Hewitt Manufacturing Company.

''F. H. Smith, general manager of the Hewitt Manufacturing Company, testified that he had been employed by that company for sixteen years as general superintendent and district manager; that his company manufactured brass journals, commonly called 'Brasses,' and had been manufacturing these brasses for the defendant in error since 1893 and that these brasses are used exclusively for railroad purposes; that all of the brasses manufactured for defendant in error were specially marked either 'Illinois Central' or 'I. C. R. R.,' together with the pattern number thereon and the name of the Hewitt Manufacturing Company; that brasses so marked never go to any other railroad company or person than the defendant

434 APPELLATE COURTS OF ILLINOIS.

Ill. Cent. R. Co. v. Chicago & G. W. Ry. Co., 177 Ill. App. 431.

in error. He testified that from the general appearance of the brasses in question they had been manufactured by his company and sold and delivered to defendant in error.

"James S. Sheafe, mechanical inspector of the Illinois Central Railroad Company, testified that defendant in error purchased all of its brasses of the Hewitt Manufacturing Company and sold all its scrap brasses, when no longer fit for use, to said company; that when brasses are in such condition that they can be re-filled, —that is, not too thin to be refilled,—they are re-filled by the defendant in error at its shops at Burnside, and when they are too thin to be re-filled or otherwise no longer useful they are sold to the Hewitt Manufacturing Company as scrap. He testified that passenger brasses 'form 503' are used exclusively in the suburban service in Chicago; that such brasses are made exclusively for use on suburban cars of defendant in error, and that he never knew of one of these brasses being out of the limits of the suburban service; that among the brasses found in the possession of plaintiffs in error was one marked 'Passenger 503.'

"The evidence shows that plaintiff in error the Chicago and Great Western Railway Company had no interest or claim in the brasses in question except that of a carrier for plaintiff in error Deutsch & Co., who had delivered the brasses to the Chicago and Great Western Railway Company to be shipped to St. Paul for the Great Northern Railroad Company. Nathan Deutsch testified on behalf of the defendant in error that he was president of N. Deutsch & Co. and had been ever since its incorporation. He admitted that the brasses in question were hauled from the warehouses of N. Deutsch & Co. and delivered to the Chicago and Great Western Railway Company, but he could not tell of whom he purchased the brasses nor how long they had been in the possession of his company. Several witnesses testified on behalf of plaintiffs in error as to the general course of business among smelters and dealers in metals, which testimony tended to show that railroad brasses were frequently bought and sold as

scrap in much the same way that other scrap brass is dealt in. * * *

"From the statement of the evidence before set out it appears that defendant in error based its right to recover on its claim that it had bought the brasses in question from the Hewitt company, and that they had in some way come into the possession of Deutsch & Co. without the knowledge or consent of defendant in error."

After consideration of the testimony at length, especially the facts argued in the supplemental brief of plaintiffs in error, we discern no reason for concluding that the trial court was not justified in finding as it did. We therefore hold that the evidence before the trial court was sufficient to support a finding that the brasses in question belonged to the defendant in error.

As to the alleged errors committed by the trial court in holding a certain proposition of law at the request of the defendant, and the refusal to hold the proposition offered by plaintiff in error, while we are inclined to agree with counsel that section 242 of the criminal code is not relevant, yet, as the case was tried by the court without a jury, we see no reason to hold the action of the court in this regard to be reversible error.

The judgment will be affirmed.

*Affirmed.*